UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DONTE CURRY, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 1:12 CV 173 |
| v. | ) |
| MARK A. THOMA and ALLEN COUNTY BAR ASSOCIATION, | ) |
| Defendants. | ) |

## OPINION and ORDER

Donte Curry, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Curry is suing his public defender, Mark A. Thoma, who represented him in a state criminal case. He claims that Thoma provided ineffective assistance by neglecting his case, failing to file motions that Curry wanted filed, and "railroad[ing]" him into pleading guilty. This claim cannot proceed. The Constitution only protects against acts of defendants acting under color of state law, and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, to the extent Curry is seeking an order declaring that his Sixth Amendment rights were violated in the state criminal case, he can only seek such relief in a habeas action brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Accordingly, this claim must be dismissed.

Curry also names the Allen County Bar Association as a defendant, without a clear explanation of why he is suing that organization. It appears he may believe that the Bar Association is Thoma's employer and should be held liable in that capacity. There is no basis for concluding that the county public defender named in the complaint was employed by a bar association, but in any event a claim based on a theory of supervisory liability cannot proceed because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Moreover, a private bar association is not a state actor that can be sued for

constitutional violations. *See Lawline v. American Bar Ass'n*, 956 F.2d 1378, 1384-85 (7th Cir. 1992). Accordingly, this claim must be dismissed.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: May 31, 2012

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT